IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Indian Lake             :
                                   :   No. 22 C.D. 2015
                v.                 :
                                   :   Submitted: June 12, 2015
David A. Rohrich,                  :
                Appellant          :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  August 27, 2015


          David A. Rohrich (Appellant) appeals from the December 8, 2014 order
of the Court of Common Pleas of Somerset County (trial court), denying Appellant's
post-trial motion and affirming a verdict entered by the trial court on October 22,
2014.  In this verdict, the trial court entered judgment in favor of the Borough of
Indian Lake (Borough) and directed Appellant to disconnect his two-story garage
from his existing on-lot sewage system and apply for a proper sewage permit.  The
trial court concluded that Appellant's connection of the garage to the on-lot sewage
system without a permit was a violation of section 7 of the Pennsylvania Sewage
Facilities Act (Act)[1] and that such violation constituted a nuisance pursuant to section
14 of the Act, 35 P.S. §750.14.

          The underlying facts of this case are not in dispute and have been
stipulated to by the parties.  On July 25, 2003, Appellant submitted an application for

_____
[1] Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §750.7.

an on-lot sewage disposal system permit for his residential property located at 242 South Peninsula Drive, Indian Lake, Somerset County, Pennsylvania.[2] This application was approved by Jerry Mostoller, the Borough's sewage enforcement officer, on September 13, 2003, and the permit was issued to Appellant. Mostoller conducted a final inspection of the sewage system on October 23, 2006, and approved the same. (Joint Stipulations at 1-2, 4; Reproduced Record (R.R.) at 42a.)

In the meantime, on May 5, 2005, Appellant applied for and received a building permit to construct a two-story, detached garage. In this application, Appellant stated that "[t]here are no living quarters on the upper story of this structure." (R.R. at 52a.) Appellant also placed his initials next to a statement from Frederick Jones, the Borough's zoning officer, agreeing that there would be "[n]o living quarters or plumbing in space above garage." (Joint Stipulations at 3; R.R. at 58a.) At the time of Mostoller's final inspection on October 23, 2006, the second floor of the detached garage did not contain finished living quarters or plumbing and the garage was in no way connected to Appellant's on-lot sewage disposal system. (Joint Stipulations at 3, 5; R.R. at 42a-43a.)

Mostoller later learned that Appellant had finished the second floor of the detached garage and that various plumbing fixtures, including a sink, toilets, and a shower, had been connected to the existing on-lot sewage disposal system at some point in 2007. Appellant never applied for a permit relative to this connection, nor did he ever notify the Borough of his intention to connect the second-floor plumbing

_____

[2] In this application, Appellant sought permission to install a 1,250 gallon septic tank to replace an existing damaged tank that serves his four-bedroom house, boat house, and gazebo. (Reproduced Record at 46a-48a.)

2

to the existing system.[3]  In connecting the later-installed plumbing of the detached garage to the existing system, Appellant did not repair, replace, disturb, or modify his soil absorption area or the soil within or under this area.  Despite repeated requests by the Borough, Appellant has neither applied for nor obtained a permit to connect the second-floor garage plumbing to the existing on-lot sewage disposal system.  (Joint Stipulations at 6-11; R.R. at 43a-44a.)

On April 5, 2013, the Borough filed a complaint in equity with the trial court seeking an injunction directing Appellant to cease utilizing the on-lot sewage disposal system for the detached garage, declaring such use a violation of the Act and, hence, a nuisance, and directing Appellant to apply for and obtain an appropriate sewage permit.  Appellant filed preliminary objections, which were overruled by the trial court.  Appellant then filed an answer admitting that the second floor of his detached garage includes a bathroom with a shower, sink, and toilet, and that these fixtures are connected to the existing on-lot system, but denying that such connection violated the Act or constituted a nuisance.

In new matter, Appellant asserted that the Borough failed to state a claim, noting that the Borough had twice inspected and approved the on-lot system subsequent to garage connection and that the system had never failed.  Appellant also asserted that his on-lot system was in compliance with all applicable statutes and regulations and met the minimum capacity needed to serve both his residence and the garage.  Further, Appellant asserted that the Borough's claims were barred by the doctrines of estoppel, res judicata, and laches, and by the statute of limitations.  The Borough filed a reply to this new matter essentially denying these assertions.

---

[3] In a separate land use appeal, the trial court concluded that the detached garage did not constitute a separate dwelling and did not violate the Borough's zoning ordinance.  (Joint Stipulations at 9; R.R. at 43a.)

3

The matter was scheduled for a non-jury trial on June 17, 2014. However, on that date, the parties submitted joint stipulations to the trial court rather than proceed with testimony. These joint stipulations were approved by the trial court that same day. Following the submission of briefs, on October 22, 2014, the trial court issued a verdict entering judgment in favor of the Borough. The trial court directed Appellant to disconnect his garage from the existing on-lot sewage disposal system and apply for a proper sewage permit. The trial court concluded that Appellant's connection of the garage to the on-lot system without a permit was a violation of section 7(a)(1) of the Act, which prohibits a person from connecting to "an individual sewage system . . . without first obtaining a permit," 35 P.S. §750.7(a)(1), and that such violation constituted a nuisance pursuant to section 14 of the Act.[4]

In an accompanying opinion, the trial court explained that Appellant's connection of his garage to his on-lot sewage disposal system constituted a violation of the clear language of section 7(a)(1) of the Act requiring a permit for such connection. The trial court rejected Appellant's argument that section 7(a)(1) of the Act was vague insofar as it did not define what types of activities constitute connections to an individual sewage system and that the trial court should look to section 72.22 of the Department of Environmental Protection's sewage facilities regulations, 25 Pa. Code §72.22, for guidance on this issue.[5] Relying on section

---

[4] Section 14 of the Act provides, in pertinent part, that "[a] violation of section 7 of this act . . . shall constitute a nuisance and shall be abatable in the manner provided by law." 35 P.S. §750.14.

[5] Section 72.22 of these regulations states, in pertinent part, as follows:

> (a) No person may install, award a contract for construction or construct an individual or community onlot sewage system, or install, construct, occupy or use a building to be served by that system

**(Footnote continued on next page…)**

72.22(b) of this regulation and the joint stipulations, Appellant argued that the record did not establish that there was a repair, replacement, enlargement, disturbance, or modification of his treatment tank or soil absorption area and, hence, a permit was not required. However, the trial court reiterated that section 7(a)(1) of the Act clearly prohibits connection to an existing, on-lot system without first obtaining a permit and, consequently, there was no need to rely on section 72.22 of the sewage facilities regulations.[6]

Appellant thereafter filed a motion for post-trial relief seeking a judgment notwithstanding the verdict, alleging that the trial court, in relying solely on section 7(a)(1) of the Act, failed to give effect to section 9 of the Act, 35 P.S. §750.9,[7] and to section 72.22(b) of the sewage facilities regulations. Appellant averred that

**(continued…)**

> without first obtaining a permit from the local agency, except as provided in subsections (c)—(e).
>
> (b) A permit shall be required by the local agency for alterations or connections to an existing individual or community onlot sewage system when the alteration or connection requires the repair, replacement or enlargement of a treatment tank or retention tank, or the repair, replacement, disturbance, modification or enlargement of a soil absorption area or spray field, or the soil within or under the soil absorption area or spray field.

25 Pa. Code §72.22(a)-(b).

[6] The trial court also noted that section 72.22 "does not provide an exhaustive list of what might constitute a connection as envisioned under the Act, nor does it explicitly define or identify what sort of connection gives rise for the need to obtain a permit." (Trial court op., October 22, 2014, at 9.)

[7] Section 9 of the Act authorizes the Environmental Quality Board, *inter alia*, to adopt rules and regulations that "establish standards for the construction, installation, alteration, maintenance and operation of individual sewage systems and community sewage systems . . . ." 35 P.S. §750.9.

these sections must be read *in pari materia*. Appellant also reiterated his previous allegation that section 72.22(b) of the regulations controls the disposition of this matter and requires entry of a judgment in his favor.

By memorandum and order dated December 8, 2014, the trial court denied Appellant's post-trial motion. The trial court emphasized that section 7(a)(1) of the Act "unequivocally states that no person shall connect to an individual sewage system without first obtaining a permit." (Trial court op., December 8, 2014, at 4.) The trial court rejected an argument by Appellant that section 7(a)(1) of the Act was not controlling because it did not set forth a "complete and exhaustive scheme of regulation for the subject matter at issue." *Id.* (citing Appellant's Post Trial Motion at 2; R.R. at 166a.) The trial court also rejected Appellant's argument that section 72.22(b) of the sewage facilities regulations represents "the *exclusive* authority regarding permitting requirements for connecting to existing sewage systems." *Id.* (emphasis in original).

The trial court concluded that sections 7 and 9 of the of the Act, and section 72.22(b) of the sewage facilities regulations, need not be read *in pari materia* because this rule only applies if the words of a statute are ambiguous and section 7 is clear and unambiguous. The trial court agreed with Appellant that section 7 of the Act did not set forth a "complete and exhaustive scheme of regulation for the subject matter at issue," but noted that section 72.22(b) of the sewage facilities regulations likewise did not provide a complete and exhaustive scheme of regulations. Rather, the trial court stated that section 72.22(b) merely provides "an outline of certain specific instances that absolutely trigger the need for a sewage permit." (Trial court op., December 8, 2014, at 5.) As to the comments to section 72.22(b), upon which Appellant relied in arguing that a permit was not required to connect his garage to his on-lot system, the trial court characterized the actions discussed therein as merely

"incidental," such as lifting the lid of a septic tank or unclogging a line in an absorption area; whereas "[c]onnecting a new building to an existing system . . . goes far beyond those types of actions that the General Assembly contemplated would not prompt the need for a permit." (Trial court op., December 8, 2014, at 6.)

On appeal to this Court,[8] Appellant argues that the trial court erred in concluding that he violated section 7(a)(1) of the Act by failing to obtain a permit prior to connecting his detached garage to his pre-existing, on-lot sewage disposal system. More specifically, Appellant argues that his actions constituted an exception to the general rule requiring permits, consistent with section 72.22(b) of sewage facilities regulations.

Having reviewed the record and the trial court's opinions in this matter, we conclude that the issues raised by Appellant have been thoroughly reviewed and addressed in the opinions of the Honorable John M. Cascio. Accordingly, we affirm on the basis of the trial court's opinions in *Borough of Indian Lake v. David A. Rohrich*, (Court of Common Pleas of Somerset County, No. 206 Civil 2013, filed October 22 and December 8, 2014).

_____
PATRICIA A. McCULLOUGH, Judge

---

[8] Our scope of review of a judgment following a non-jury trial is limited to determining whether the trial court's factual findings are supported by substantial evidence and whether the trial court committed an error of law. *McGaffic v. City of New Castle*, 74 A.3d 306, 310 n.8 (Pa. Cmwlth. 2013).

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Indian Lake     :
                                   :    No. 22 C.D. 2015
              v.                      :
                                     :
David A. Rohrich,             :
                 Appellant      :

## _ORDER_

       AND NOW, this 27th day of August, 2015, the order of the Court of Common Pleas of Somerset County (trial court), dated December 8, 2014, is hereby affirmed on the basis of the trial court's opinions issued by the Honorable John M. Cascio in *Borough of Indian Lake v. David A. Rohrich*, (Court of Common Pleas of Somerset County, No. 206 Civil 2013, filed October 22 and December 8, 2014).

 

                                           _____
                                           PATRICIA A. McCULLOUGH, Judge

BOROUGH OF INDIAN LAKE,           )     IN THE COURT OF COMMON PLEAS
                                  )          OF SOMERSET COUNTY,
                 Plaintiff,       )             PENNSYLVANIA
                                  )
                                  )
          v.                      )        NO. 206 CIVIL 2013
                                  )
                                  )
DAVID A, ROHRICH,                 )
                 Defendant        )


For Plaintiff:      Daniel W. Rullo, Esq.

For Defendant:      Vincent A. Tucceri, Esq.
                    Jeff A. Hollowood, Esq.

Argument:           Submitted on Briefs


## MEMORANDUM

This matter is before us following a non-jury trial based on suit instituted by the Borough

of Indian Lake (hereinafter, "Plaintiff" or the "Borough") against David A. Rohrich (hereinafter,

"Defendant"). On April 5, 2013, Plaintiff filed an Equity Action for Injunction (hereinafter, the

"Complaint"). In the Complaint, Plaintiff seeks an injunction, which will order Defendant to

disconnect a detached garage building from Defendant's existing on-lot sewage system. Plaintiff

further requests an order directing Defendant to apply for and obtain a sewage permit. On May

10, 2013, Defendant filed preliminary objections in response to the Complaint, which were

overruled. On January 21, 2014, Defendant filed an Answer and New Matter, and on January 27, 2014, Plaintiff filed a Reply to New Matter.

This case was scheduled for non-jury trial on June 17, 2014, and on that date counsel for the parties prepared and submitted to this Court Joint Stipulations (hereinafter, the "Stipulations") rather than proceed with testimony in this matter. We approved the terms of the Stipulations on that same day. On August 8, 2014, following review of the Stipulations, we ordered that each party file a brief or memorandum of law in order to focus the issues to be decided. On August 28, 2014, Plaintiff submitted a Brief in Support of Injunction (hereinafter, "Plaintiff's Brief"), and on October 1, 2014, Defendant submitted Defendant's Brief in Opposition to Injunction (hereinafter, "Defendant's Brief").

The following are the undisputed, pertinent facts of the case:

(1) On or about July 25, 2003, Defendant submitted an Application for an On-Lot Sewage Disposal System Permit for his residential property located at 242 South Peninsula Drive, Indian Lake Borough, Somerset County, Pennsylvania.

(2) On or about September 13, 2003, Sewage Enforcement Officer Jerry Mostoller (hereinafter, the "Sewage Officer") issued Permit No. S 07524 to Defendant.

(3) On or about May 5, 2005, Defendant applied for and received from the Borough a building permit for a detached garage building (hereinafter, the "Garage"). The Borough issued to Defendant Permit No. 2220.

(4) Defendant listed the reason for Permit No. 2220 as: "[i]mprove property[,] [n]o living quarters or plumbing in [the] space above [the] [G]arage."

(5) The Garage is a distinct occupied building/structure upon Defendant's property. In a zoning appeal, this Court determined that the Garage does not constitute a separate dwelling unit and does not violate the Borough's zoning ordinance.

2

(6) On or about October 23, 2006, the Sewage Officer completed his final inspection of Defendant's on-lot sewage disposal system and approved the same.

(7) At the time of the October 23, 2006 final inspection, the Garage was not connected to the on-lot sewage system and the second floor of the Garage did not contain finished living quarters or plumbing.

(8) Following the October 23, 2006 final inspection, the Sewage Officer learned that the second floor of the Garage had been finished and plumbing from the Garage was connected to the on-lot sewage system. This connection occurred sometime in 2007.

(9) Defendant never notified the Borough of his intention to connect the later installed Garage plumbing to the on-lot sewage system.

(10) Permit No. S 07524 did not include any reference to the later installed Garage plumbing and Defendant never applied for an additional permit to allow for the same.

(11) In connecting the later installed Garage plumbing to the on-lot sewage system, neither Defendant nor any of his agents or representatives repaired, replaced, disturbed or modified Defendant's soil absorption area or the soil within or under the soil absorption area.

(12) Defendant has not applied for nor obtained a permit for the connection of the Garage plumbing to the on-lot sewage system, despite requests to do so.

(Stipulations at ¶¶ 1-11). The Stipulations further incorporate by reference all pleadings filed in the instant matter. *See* Stipulations at page 1.[1]

Plaintiff argues that "Defendant violated the Pennsylvania Sewage Facilities Act [(hereinafter, the "Act")] ... by connecting the plumbing in [the Garage], including sink, toilets

3

and shower, to the existing on lot sewage system on his property without ever applying for or obtaining a sewage permit as required by the Act and the regulations thereunder." (Plaintiff's Brief at page 5) (*citing* 35 P.S. § 750.1 *et seq.*; 25 Pa. Code § 72.1 *et seq.*). Specifically, Plaintiff contends that Defendant remains in violation of section 750.7(a)(1) of the Act, which provides, in pertinent part:

> No person shall install, construct, or award a contract for construction, or alter, repair or connect to an individual sewage system or community sewage system or construct, or request bid proposals for construction, or install or occupy any building or structure for which an individual sewage system or community sewage system is to be installed without first obtaining a permit indicating that the site and the plans and specifications of such system are in compliance with the provisions of this act and the standards adopted pursuant to this act.

35 P.S. § 750.7(a)(1). Moreover, Plaintiff asserts that Defendant "violated the regulations issued under the Act at 25 Pa. Code § 72.22(a)-(b)." (Plaintiff's Brief at 8).

Section 72.22(a)-(b) of the Pennsylvania Code provides that:

> (a) No person may install, award a contract for construction or construct an individual or community onlot sewage system, or install, construct, occupy or use a building to be served by that system without first obtaining a permit from the local agency, except as provided in subsections (c)--(e).

> (b) A permit shall be required by the local agency for alterations or connections to an existing individual or community onlot sewage system when the alteration or connection requires the repair, replacement or enlargement of a treatment tank or retention tank, or the repair, replacement, disturbance, modification or enlargement of a soil absorption area or spray field, or the soil within or under the soil absorption area or spray field.

25 Pa. Code § 72.22(a)-(b).

Plaintiff argues that, although "Defendant obtained a sewage permit and installed ... the individual sewage system on the property to serve the four bedroom house, boat house and gazebo on [Defendant's] property," the sewage permit "did not include the [Garage]." (Plaintiff's

---

[1] Defendant argues that "[a]ll facts not contained in [the Stipulations], and any and all references thereto, should be disregarded and stricken from [Plaintiff's Brief]." (Defendant's Brief at 3). We agree. We note that only the facts

4

Brief at 9). Plaintiff contends that without obtaining a sewage permit, Defendant "installed and constructed the [Garage] with plumbing including sink, toilets and shower and connected it so that it was served by that same sewage system and [Defendant] used and occupied the [Garage]." *Id.* Furthermore, Plaintiff asserts that the Garage is a "building" as contemplated by the Act. *Id.* (*citing* Oxford American Dictionary; 1 Pa.C.S.A. § 1903). Thus, Plaintiff contends that "a sewage permit was required to install, construct, occupy or use [the Garage] and to connect it to the sewage system on the property under Section 7(a)(1) of the Act and Section 72.22(a) of the regulations." *Id.* Plaintiff summarizes its argument by stating that "[s]ince Defendant has stipulated that the [Garage] is a distinct occupied building/structure, that [Defendant] did connect the [Garage] to the existing on lot sewage system and that [Defendant] never applied for or obtained a permit to connect the [Garage] to the existing on lot sewage system, [Defendant's] violation of the Act's permit requirements is established as a matter of law. Accordingly, [Defendant] should be enjoined from continuing his violations of the Act and be required to remedy those violations." (Plaintiff's Brief at 11).[2]

Defendant contends that "the issue is not whether the septic system was installed or constructed in violation of the Act, but rather, whether [Defendant's] later addition of the [Garage] to the [sewage] system constituted an alteration, repair or connection that would first require the issuance of an additional permit from the Borough." (Defendant's Brief at 6). Defendant asserts that the Act "does not specifically define what types of activities constitute alterations, repairs or connections to a [sewage] system that would trigger the need for an additional permit." *Id.* Thus, Defendant argues, we must look to the regulations issued under the Act at 25 Pa. Code § 72.22(a)-(b) for guidance. *Id.* Specifically, Defendant contends that

contained in the Stipulations and the pleadings in which it incorporates will be considered.

5

Section 72.22(a) applies to the construction, installation, and occupancy of buildings to be served by newly installed and constructed systems, and therefore is inapplicable in the instant matter.

Moreover, Defendant argues that Section 72.22(b) of the Pennsylvania Code is inapplicable, as a permit is only required under that section when an alteration or connection to an existing sewage system "requires the repair, replacement or enlargement of a treatment tank or retention tank, or the repair, replacement, disturbance, modification or enlargement of a soil absorption area or spray field, or the soil within or under the soil absorption or spray field." *Id.* at 8; *see* 25 Pa. Code § 72.22(b). Defendant asserts that no such action was required under the current circumstances. Specifically, Defendant points to the fact that "the parties have already stipulated that neither [Defendant], nor any of his agents, repaired, replaced, disturbed or modified [Defendant's] soil absorption area or the soil within or under the soil absorption area." *Id.* (*citing* the Stipulations at ¶ 10). Thus, Defendant argues that connecting to the on-lot sewage system was not prohibited under the Pennsylvania Code.

The Pennsylvania Sewage Facilities Act, 35 P.S. § 750.1 *et seq.*, was enacted, in part, "[t]o protect the public health, safety and welfare of [Commonwealth] citizens through the development and implementation of plans for the sanitary disposal of sewage waste." 35 P.S. § 750.3(1). This Court has held that "[t]he purpose of the [Act] is not merely to protect others from injurious discharge of sewage, but also is to place control and decision in the public authorities, rather than in the landowner." *Stonycreek Township v. Sale et al.*, 46 Som.L.J. 198, 202 (Somerset County 1986). Indeed, this Court has reasoned that while "the broader goal of [the Act] is the prevention and prohibition of pollution," this broader goal is not readily attainable "without a regulatory system of pre-construction licenses or permits." *Commonwealth v. Baker*,

---

[2] In Plaintiff's Brief, Plaintiff sets forth additional arguments based on the deposition testimony of the Sewage Officer. *See* Plaintiff's Brief. However, because we will not consider evidence outside of the four corners of the

6

71 Pa. D. & C.2d 521, 525 (Somerset County 1974) (emphasis omitted); *see id.* (reasoning that the permit requirement is practical and fair, for it gives the government and the citizen an opportunity to determine their rights). Furthermore, this Court has held that the provisions of the Act "are aimed at requiring [a] permit in every case where sewage disposal is or will be needed," thereby preventing circumvention of the Commonwealth's enforcement system. *Id.* at 525-26 (emphasis omitted); *see Bodnar v. Columbia Cnty. Sanitary Admin. Comm.*, 414 A.2d 735, 737 (Pa. Cmwlth. 1980) (holding that the disposal of sewage is subject to regulation by the government, including requiring sewage permits pursuant to 35 P.S. § 750.7).

The question we must answer is whether Defendant's act of connecting the Garage to the existing on-lot sewage system without a permit was prohibited under the Act. We find that, under the clear language of the Act, such a connection was prohibited. We are mindful that "a statute must be interpreted according to its terms as enacted." *Velocity Express v. Pennsylvania Human Relations Comm'n*, 853 A.2d 1182, 1185 (Pa. Cmwlth. 2004) (*citing McClellan v. Health Maintenance Organization of Pennsylvania*, 686 A.2d 801, 805 (Pa. 1996)). "In interpreting a statute, we must at all times seek to ascertain and effectuate the legislative intent underlying its enactment. When construing a statute, we must follow the letter of the statute if its words are unambiguous." *Id.* Furthermore, courts should resort to statutory construction only "[w]hen the words of the statute are not explicit" or the words are ambiguous. 1 Pa.C.S.A. § 1921(c). "A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines Inc. v. Com., Dep't of Envtl. Prot.*, 676 A.2d 711, 715 (Pa. Cmwlth. 1996) (*citing Drummond v. University of Pennsylvania*, 651 A.2d 572 (Pa. Cmwlth. 1994)).

---

Stipulations and the pleadings in which it incorporates, we will not entertain these additional arguments.

7

Section 750.7(a)(1) of the Act states that "[n]o person shall install, construct, or award a contract for construction, or alter, repair or connect to an individual sewage system or community sewage system or construct, or request bid proposals for construction, or install or occupy any building or structure for which an individual sewage system or community sewage system is to be installed without first obtaining a permit indicating that the site and the plans and specifications of such system are in compliance with the provisions of this act and the standards adopted pursuant to this act." 35 P.S. § 750.7(a)(1). It is clear that this section of the Act unequivocally and unambiguously states that no person shall connect to an individual sewage system without first obtaining a permit. Because the language is unambiguous, we are required to follow the letter of the statute. *Velocity Express*, 853 A.2d at 1185. Here, the facts establish that Defendant connected the Garage to the existing on-lot sewage system without a permit to do so. (Stipulations at ¶¶ 6-8). However, Defendant contends that "the Act itself does not specifically define what types of activities constitute ... connections to a [sewage] system that would trigger the need for an additional permit," and suggests that we look to the regulations found at 25 Pa. Code § 72.22 for guidance. (Defendant's Brief at 6). Defendant argues that the question of whether or not the connection of the Garage to the existing sewage system violated the Act depends on whether or not the connection required "additional action, such as the repair, replacement or enlargement of [Defendant's] treatment tank, or the repair[,] replacement, disturbance, modification or enlargement of [Defendant's] soil absorption area or the soil within or under [Defendant's] soil absorption area." *Id.* at 8. Defendant asserts that no facts have been established to support the contention that there was a repair, replacement, enlargement, disturbance, or modification of Defendant's treatment tank or soil absorption area. *Id.* Thus, Defendant argues that this was not the type of connection that warranted a sewage permit.

8

While § 72.22 of the Pennsylvania Code outlines and contemplates specific instances in which a sewage permit is required, it certainly does not provide an exhaustive list of what might constitute a connection as envisioned under the Act, nor does it explicitly define or identify what sort of connection gives rise for the need to obtain a permit. *See* 25 Pa. Code § 72.22. Although § 72.22 may provide guidance under certain factual circumstances; here, we need not rely on this section to find that Defendant violated the Act. Indeed, the Act itself clearly prohibits connection to an existing on-lot sewage system without first obtaining a permit allowing for the same. *See* 35 P.S. § 750.7(a)(1); *Commonwealth v. Baker, supra* (holding that the Act is aimed at preventing "proceeding without a permit"); 25 Summ. Pa. Jur. 2d Environmental Law § 9:261 (2d ed.) (persons are prohibited from connecting to an individual sewage system without having first obtained a permit). Here, there is no dispute that Defendant connected the Garage to the existing on-lot sewage system without first obtaining a permit. This permit-less connection is expressly prohibited under § 750.7 of the Act. This Court has previously described such acts as "a mortal wound to the very heart of the regulatory system." *Baker*, 71 Pa. D. & C.2d at 527.

Having found Defendant in violation of the Act, we must decide whether the requested remedy is appropriate in this case. Plaintiff requests that "this Court issue an injunction ordering Defendant to cease and desist in utilizing the existing [on-lot] sewage [system] from [the Garage] and ordering [Defendant] to remedy the situation by applying for and obtaining a sewage permit." (Plaintiff's Brief at page 15). Pursuant to § 750.12 of the Act, "[a]ny local agency or any municipality which is a member of a local agency shall have the power to institute suits in equity to restrain or prevent violations of [35 P.S. § 750.7] occurring within the jurisdiction or corporate limits of said local agency or municipality." 35 P.S. § 750.12(a). However, we must bear in mind that "injunctions should be issued only where the right of the plaintiff is clear to the remedy requested." *Millstone Enterprises, Inc. v. Com., Dep't of Envtl. Res.*, 516 A.2d 814, 817 (Pa.

9

Cmwlth. 1986) (*citing State Ethics Commission v. Landauer*, 496 A.2d 862 (Pa. Cmwlth. 1985)). Moreover, "[t]he decree should not go beyond the requirements of the particular case, nor give to the favored party greater relief than that to which he is entitled by the nature and extent of his rights." *Id.* at 818. Here, Defendant has clearly violated the permitting provisions of the Act. Thus, we find an injunction to be an appropriate remedy under the circumstances. To find otherwise "would effectively destroy the enforcement provisions of the [Act] and the permit system it establishes for enforcement." *See Baker*, 71 Pa. D. & C.2d at 530-531.[3]

---

[3] We note that Defendant raised affirmative defenses based on the doctrine of estoppel, doctrine of laches, doctrine of *res judicata*, and statute of limitations. *See* Defendant's Answer and New Matter ¶¶ 30-34. However,

10

BOROUGH OF INDIAN LAKE,       )  IN THE COURT OF COMMON PLEAS
                                )    OF SOMERSET COUNTY,
          Plaintiff,          )      PENNSYLVANIA
                                )
           v.              )
                                )      NO. 206 CIVIL 2013
DAVID A. ROHRICH,          )
                                )
          Defendant.      )      NONJURY VERDICT

## VERDICT

AND NOW, this _____ day of October 2014, following a non-jury trial in this case, we enter the following verdict:

(1) Regarding Count I, we enter judgment in favor of Plaintiff. Defendant is hereby ordered to disconnect the Garage from Defendant's existing on-lot sewage system. If Defendant wishes to connect the Garage to the existing on-lot sewage system, Defendant is hereby ordered to apply for and obtain a sewage permit.

(2) Regarding Count II, we enter judgment in favor of Plaintiff. Having found that Defendant is in violation of 35 P.S. § 750.7, Defendant's violation shall constitute a nuisance and shall be abatable in the manner provided by law. *See* 35 P.S. § 750.14. Defendant is hereby ordered to disconnect the Garage from Defendant's existing on-lot sewage system.

(3) Unless timely post verdict motions are filed, the Prothonotary is directed to enter judgment on this Verdict.

BY THE COURT:

_____
JOHN M. CASCIO, P.J.

---

Defendant has not provided this Court with legal argument supporting the same. Furthermore, our research

BOROUGH OF INDIAN LAKE

                                    Plaintiff,

                    v.

DAVID A. ROHRICH,

                                    Defendant.

)  IN THE COURT OF COMMON PLEAS
)        OF SOMERSET COUNTY,
)            PENNSYLVANIA
)
)
)
)   NO. 206 CIVIL 2013
)
)
)   POST-TRIAL MOTION

FILED FOR RECORD
2014 DEC -8 AM 11:34
ANGIE SVONAVEC
PROTHONOTARY
SOMERSET, PA

For Plaintiff:        Daniel W. Rullo, Esq.

For Defendant:        Vincent A. Tucceri, Esq.
                      Jeff A. Hollowood, Esq.

## MEMORANDUM

This matter is before the Court on Defendant's Post-Trial Motion Pursuant to Pa.R.C.P. 227.1(a)(2) (hereinafter, the "Motion"). For the reasons set forth below, Defendant's Motion is denied and the Court's Verdict is affirmed.

On April 5, 2013, the plaintiff, Borough of Indian Lake (hereinafter, "Plaintiff"), filed an Equity Action for Injunction (hereinafter, the "Complaint"). On May 10, 2013, Defendant filed preliminary objections in response to the Complaint, which were overruled. On January 21, 2014, Defendant filed an Answer and New Matter, and on January 27, 2014, Plaintiff filed a Reply to New Matter. The case was scheduled for non-jury trial on June 17, 2014, and on that date counsel for the parties prepared and submitted to this Court Joint Stipulations (hereinafter, the "Stipulations") rather than proceed with testimony in the matter. We approved the terms of the Stipulations on that same day. On August 8, 2014, following review of the Stipulations, we ordered that each party file a brief or memorandum of law in order to focus the issues to be decided. On August 28, 2014, Plaintiff submitted a Brief in Support of Injunction,

and on October 1, 2014, Defendant submitted Defendant's Brief in Opposition to Injunction. On October 22, 2014, after consideration of all relevant evidence and arguments of the parties, we entered judgment in favor of Plaintiff on all counts contained in the Complaint. Defendant timely filed the instant Motion on November 5, 2014.

Defendant asserts that we were incorrect and that we committed errors of law in ruling in favor of Plaintiff. (Motion at ¶ 2). Thus, Defendant believes that he is entitled to judgment in his favor, notwithstanding the verdict. *Id.* at ¶ 1. Defendant argues that "Section 72.22(b) of the Pennsylvania Code is determinative of the instant dispute, not Section 750.7 of Pennsylvania's Sewage Facilities Act [(hereinafter, the "Act")][,] 35 P.S. § 750.1 *et seq.*[,] or the case law cited" in this Court's Memorandum of Law, dated October 22, 2014. *Id.* at ¶ 3. More specifically, Defendant argues that "the General Assembly did not set forth a complete and exhaustive scheme of regulations for the subject matter at issue;" rather, the General Assembly delegated to the Environmental Quality Board the necessary power to adopt such rules and regulations necessary for the implementation of the provisions of the Act. *Id.* at ¶ 4 (*citing* 35 P.S. § 750.9). Defendant asserts that pursuant to the authority provided to it by the General Assembly, the Environmental Quality Board adopted § 72.22(b) of the Pennsylvania Code, which provided:

> (b) A permit is required by the local agency for alterations to an existing individual or community onlot sewage system when the alteration requires the repair, replacement or enlargement of a treatment tank, subsurface absorption area, or retention tank.

25 Pa. Code § 72.22(b). In 1997, this section was amended to its current state. Defendant argues that this amendment was for the purpose of carving out exceptions "to the general permitting requirements of the [Act] by only mandating the need for permits in the context of existing sewage systems for:

2

'[...] alterations or connections to an existing individual or community onlot sewage system when the alteration or connection requires the repair, replacement or enlargement of a treatment tank or retention tank, or the repair, replacement, disturbance, modification or enlargement of a soil absorption area or spray field, or the soil within or under the soil absorption area or spray field.'"

(Motion at ¶ 6 (*citing* 25 Pa. Code § 72.22(b))). Defendant further relies on the comments to § 72.22(b), as amended, which state:

As proposed, subsection (b) would have been amended to provide for permits for certain connections to an existing onlot system involving not only repair, as is currently required, but also a disturbance, modification or enlargement of a treatment tank, soil absorption area or spray field. A number of commentators suggested that the subsection, as proposed, would require a permit when a septic tank is dug open and the lid lifted, when the tank is pumped or a manhole access is added, or for unclogging a line in an absorption area. This was not the intent of the proposal, and this subsection has accordingly been clarified. A permit would be required for alterations or connections to an existing onlot system when the alterations or connections require the repair, replacement or enlargement of a treatment tank or retention tank. Permits would also be required for the repair, replacement, disturbance, modification or enlargement of a soil absorption area or spray field, or the soil within or under a soil absorption area or spray field.

*Id.* at ¶ 7 (*citing* 27 Pa. Bulletin 5877, at 5883-84 (Environmental Quality Board, 1997)). Thus, Defendant argues that we erred by "relying solely upon the language of Section 750.7 of the [Act] ... and failing to give effect to the intent [of] Section 750.9 of the Act and Section 72.22(b) of the [Pennsylvania] Code as adopted and amended by the Environmental Quality Board." *Id.* at ¶ 8. Specifically, Defendant asserts that we "failed to read Section 750.7 of the [Act] *in pari materia* with Section 750.9 of the Act and Section 72.22(b) of the [Pennsylvania] Code." *Id.* at ¶ 10. Lastly, Defendant argues that our reliance on *Commonwealth v. Baker*, 71 Pa. D. & C.2d 521 (Somerset County 1974) was in error, as *Baker* was decided prior to the 1997 amendments to § 72.22(b) of the Pennsylvania Code. *Id.* at ¶ 11. Defendant contends that reliance on *Baker* "would render the provisions and exceptions to permitting created [by §

72.22(b)] a nullity." *Id.* We remain unimpressed by these arguments.

Section 750.7(a)(1) of the Act unequivocally states that no person shall connect to an individual sewage system without first obtaining a permit. 35 P.S. § 750.7(a)(1). Specifically, the unambiguous language of this section provides that *"[n]o person shall* install, construct, or award a contract for construction, or alter, repair or *connect to an individual sewage system* or community sewage system or construct, or request bid proposals for construction, or install or occupy any building or structure for which an individual sewage system or community sewage system is to be installed *without first obtaining a permit* indicating that the site and the plans and specifications of such system are in compliance with the provisions of this act and the standards adopted pursuant to this act." *Id.* (emphasis added). Defendant appears to argue that this particular section of the Act is not controlling, as "the General Assembly did not set forth a complete and exhaustive scheme of regulations for the subject matter at issue." (Motion at ¶ 4). Rather, Defendant contends that pursuant to § 750.9 of the Act, the Environmental Quality Board has the duty to adopt rules and regulations necessary for the implementation of the provisions of the Act and, pursuant to this duty, the Environmental Quality Board adopted § 72.22(b) of the Pennsylvania Code as the controlling authority which mandates the need for permits regarding existing sewage systems only in certain limited circumstances. *Id.* It appears that Defendant's argument centers on the assumption that § 72.22 of the Pennsylvania Code is the *exclusive* authority regarding permitting requirements for connecting to existing sewage systems.

We first note that statutes are *in pari materia* "when they relate to the same persons or things or to the same class of person or things." *In re McFarland's Estate*, 105 A.2d 92, 95 (Pa. 1954) (*citing* Statutory Construction Act of May 28, 1937, P.L. 1019, art. IV, § 62, 297 46

4

P.S. § 562); *see* 1 Pa.C.S.A. § 1932(a) ("Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of person or things."). Furthermore, "[s]tatutes in pari materia shall be construed together, if possible, as one statute." 1 Pa.C.S.A. § 1932(b). However, "this rule is applicable only if the words of a statute are ambiguous." *In re McFarland's Estate*, 105 A.2d at 95. Additionally, "'[i]t must not be overlooked that the rule requiring statutes in pari materia to be construed together is only a rule of construction to be applied as an aid in determining the meaning of a doubtful statute, and that *it cannot be invoked where the language of a statute is clear and unambiguous.*'" *Id.* at 95-96 (*citing* 82 C.J.S., Statutes, § 366(b)) (emphasis added). Having previously found that the language of § 750.7 of the Act is unambiguous, we need not read this section *in pari materia* with § 750.9 of the Act or § 72.22(b) of the Pennsylvania Code. *See Borough of Indian Lake v. Rohrich*, Somerset County, No. 206 Civil 2013, Slip Opinion, October 22, 2014, Cascio, P.J. (describing the language of § 750.7 of the Act as "clear" and "unequivocal" and "unambiguous").

Undoubtedly, it remains clear to this Court that § 750.7 of the Act unambiguously prohibits connecting to an individual sewage system without first obtaining a permit. While we do agree with Defendant's assertion that "the General Assembly did not set forth [in § 750.7] a complete and exhaustive scheme of regulations for the subject matter at issue;" we certainly do not find a complete and exhaustive scheme of regulations in § 72.22 of the Pennsylvania Code, nor do we find it elsewhere. (Motion at ¶ 4). Rather, we find only an outline of certain specific instances that absolutely trigger the need for a sewage permit. Furthermore, the comments to amended § 72.22(b), which Defendant relies on, merely establish that certain simple actions do not automatically trigger the need for a permit. These simple actions include lifting the lid of a

septic tank, pumping the septic tank, or unclogging a line in an absorption area. These incidental actions are those that may be necessary for the preservation and general maintenance of an individual sewage system, and thus a permit is not necessary. Connecting a new building to an existing system, however, goes far beyond those types of actions that the General Assembly contemplated would not prompt the need for a permit. Establishing a new connection to an existing sewage system is the sort of action that requires notice to the Borough. This ensures that the Borough can thoroughly inspect the work, and makes certain that any additional work needed in conjunction with the connection can be achieved. This includes the possibility that the existing sewage system would have to be disturbed, updated, or modified. Without a regulatory system of sewage permits, there would simply be no way for the Borough to determine if the connection was established without error, or if any additional work would be needed as a result of the connection. Adding a new connection to a sewage system is very unlike the incidental actions outlined by the General Assembly in the comments to § 72.22 of the Pennsylvania Code.

Here, we once again affirm that the spirit of the Act aims "to place control and decision in the public authorities, rather than the landowners." *Stonycreek Township v. Sale et al.*, 46 Som.L.J. 198, 202 (Somerset County 1986). This control is accomplished through the Borough's permitting system. Indeed, it has long been the guiding principle of this Court to effectuate the broader policy goals of the Act; *i.e.*, placing control in the hands of the public authorities by way of a regulatory system of sewage permits. *See Stonycreek Township v. Sale et al.*, *supra*; *Commonwealth v. Baker*, 71 Pa. D. & C.2d 521 (Somerset County 1974).[1] Today,

---

[1] Defendant indicates that our reliance on *Commonwealth v. Baker*, 71 D. & C.2d 521 (Somerset County 1974) is in error in light of the 1997 amendments to § 72.22 of the Pennsylvania Code. These amendments, however, do not destroy the broad policy goals of the Act, nor do these amendments hinder our reliance on the Somerset

6

this principle remains the standard of this Court.

It continues to be clearly evident from the facts of this case that Defendant has connected his garage building to the existing on-lot sewage system, that Defendant has done so without a permit, and Defendant has, therefore, violated the law. We find this violation to be clear and free from doubt, and we cannot join him in that violation nor place our stamp of approval on it. Under the clear language of the Act and the time-honored principles repeatedly upheld by this Court, we find no error in this Court's Verdict. We enter the following order.

---

County cases that articulate these said goals. Thus, we reaffirm the principles set forth in *Baker* and in *Stonycreek v. Sale et al.*, 46 Som.L.J. 198 (Somerset County 1986).

BOROUGH OF INDIAN LAKE,     )    IN THE COURT OF COMMON PLEAS
                                 )        OF SOMERSET COUNTY,
           Plaintiff,          )          PENNSYLVANIA
                                 )
             v.                )
                                 )          NO. 206 CIVIL 2013
DAVID A. ROHRICH,          )
                                 )
          Defendant.        )        POST-TRIAL MOTION

## ORDER

AND NOW, this ____ day of December 2014, upon review of Defendant's Post-Trial Motion, in accordance with the foregoing Memorandum of Law, it is HEREBY ORDERED, ADJUDGED and DECREED that said Motion is DENIED and the Court's Verdict is AFFIRMED.

BY THE COURT:

_____
JOHN M. CASCIO, P.J.

8